Arwyna Randall GAY, Appellant

v.

The STATE of Texas, State.

No. 2–06–114–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 23, 2007.

Robert Estrada, Wichita Falls, for appellant.

Barry L. Macha, Criminal District Attorney, John W. Brasher, Mark Barber, Asst. Crim. Dist. Attorneys, Wichita Falls, for appellee.

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

Arwyna Randall Gay appeals her conviction for reckless bodily injury to a child fourteen years of age or younger. In her sole point, Gay argues that the trial court erred by instructing the jury on the lesser included offense of reckless bodily injury to a child. Because we hold that the trial court properly instructed the jury on the lesser included offense, we will affirm.

### II. BACKGROUND

Sylvia Leon entrusted the care of her son, Zachary, to a daycare center owned by Gay. After discovering bite marks and bruises on her son, Leon was upset and complained to Gay that another child in daycare had been biting her son. Leon told Gay that if Gay did not ensure that her son was not bitten, then Leon "would do something to make sure it stopped." That afternoon when Leon arrived to pick up her son, she heard Gay yell at a daycare employee, "make sure you tell Zachary's mom that he jumped off a slide and hit his face on a toy." The daycare employee did so, and Leon noticed bruising and a mark on Zachary's face. Later that evening, the daycare employee who had reported to Leon that Zachary had jumped off a slide and hit his face on a toy recanted this story in a phone conversation. Leon learned that her son had been bitten on the face and that Gay had pinched her son's face in an attempt to cover up the bite mark.

Leon contacted Child Protective Services that night. When initially questioned about the incident by a childcare investigator, Gay admitted that she had pinched Zachary and had rubbed his face to cover

up the bite mark. Gay also admitted that she had asked her staff members to lie to Leon regarding the origin of Zachary's injury. At trial, however, Gay testified that she did not pinch Zachary's face; she only rubbed it because she could see teeth marks.

The State charged Gay with intentionally or knowingly causing bodily injury to a child[1]. But at trial, the State requested a jury instruction on the lesser included offense of reckless bodily injury to a child. Gay objected to the lesser included offense instruction. The trial court overruled Gay's objection and instructed the jury that they could find Gay guilty of causing bodily injury to a child if they found that she acted either intentionally, recklessly, or with criminal negligence. The jury found Gay guilty of reckless bodily injury to a child, and the trial court assessed her punishment at two years' confinement in a state jail, probated for five years. Gay timely perfected this appeal.

### III. STANDARD OF REVIEW

In one point, Gay argues that the trial court erred by instructing the jury on the lesser included offense of reckless bodily injury to a child. We use a two-step analysis to determine whether an appellant was entitled to a lesser included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex.Crim.App.2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim. App.), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). First, the lesser offense must come within article 37.09 of the code of criminal procedure. TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981); *Moore v. State*, 969 S.W.2d 4, 8 (Tex.Crim.App.1998). Second, some evidence must exist in the record that would

permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim.App.2005); *Rousseau*, 855 S.W.2d at 672–73. The evidence must be evaluated in the context of the entire record. *Moore*, 969 S.W.2d at 8. There must be some evidence from which a rational jury could acquit the appellant of the greater offense while convicting him of the lesser included offense. *Id.* The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.* Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Hall*, 225 S.W.3d at 536.

### IV. FIRST STEP OF LESSER INCLUDED OFFENSE ANALYSIS

In their briefs filed with this court, the parties agreed that the first step of the lesser included offense analysis-whether the lesser included offense of reckless bodily injury to a child is included within the proof necessary to establish the offense of intentional and knowing bodily injury to a child-is satisfied here. But during oral argument, Gay's counsel pointed out that the court of criminal appeals had decided *Hall v. State* after he filed his brief and argued that the newly articulated *Hall* test altered the analysis used under the first step of the lesser included offense test and that, applying *Hall*, reckless bodily injury to a child in this case was not a lesser included offense of intentional and knowing bodily injury to a child. *See Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App. 2007). We requested and have received supplemental briefing from Gay and the

---

1. The indictment alleged that Gay caused bodily injury to "Zachary Leon, a child fourteen years of age or younger by using her hand to pinch and mash the face of Zachary Leon."

State addressing the application of *Hall* to the present facts.

The court of criminal appeals in *Hall* held that the determination of the first step of the lesser included analysis should be made "by comparing the elements of the greater offense, as the State pled it in the indictment, with the elements in the statute that defines the lesser included offense." *Id.* at 525, 535–36. The penal code provides that a person commits the offense of injury to a child by "intentionally, knowingly, recklessly, or with criminal negligence ... caus[ing] a child ... (3) bodily injury." TEX. PENAL CODE ANN. § 22.04(a) (Vernon 2005). Section 22.04(f) provides that an offense under subsection (a)(3) "is a felony of the third degree when the conduct is committed intentionally or knowingly," but it is a state jail felony "when the conduct is engaged in recklessly." *Id.* And article 37.09 of the Texas Code of Criminal Procedure provides that an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; or it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission. TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon Supp.2006).

█ Here, the facts required to prove the lesser included offense are the same as or less than those required to prove the offense charged as in the indictment—intentional or knowing bodily injury to a child by pinching or mashing his face; the offenses differ by statute only in their differing mental states. *Moore v. State,* 154 S.W.3d 703, 711 (Tex.App.-Fort Worth 2004, pet. ref'd) (noting that a person commits injury to a child "if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child ... serious bodily injury" and therefore holding that "[b]ecause the offense encompasses all culpable mental states, criminally negligent infliction of serious bodily injury is a lesser included offense of knowing infliction of serious bodily injury"); *accord Bell v. State,* 693 S.W.2d 434, 438 (Tex.Crim.App.1985) (holding that proof of intent or knowledge—higher culpable mental states—necessarily establishes the lower culpable mental state of recklessness).[2] Thus, we hold as a matter of law that reckless bodily injury to a child by pinching or mashing his face is a lesser included offense of intentional or knowing bodily injury to a child by pinching or mashing his face[3].

## V. SECOND STEP OF LESSER INCLUDED OFFENSE ANALYSIS

█ Gay contends, however, that the second step of the lesser included offense analysis does not support the trial court's decision to instruct the jury on the lesser included offense of reckless bodily injury to a child. Specifically, Gay asserts that she was either guilty of intentionally and

---

2. This is true so long as the allegedly reckless act is the same as the intentional and knowing act alleged in the indictment, as it is here; the only bodily injury sustained by Zachary was caused by Gay using her hand to pinch and mash his face. *Accord Irving v. State,* 176 S.W.3d 842, 845 (Tex.Crim.App.2005).

3. The dissent interjects conduct not charged in the indictment—bruising—and then concludes that a lesser included offense instruction based on this uncharged conduct was improper. The lesser included offense instruction was proper, as we have held above, on the "pinching and mashing" conduct that was charged in the indictment.

knowingly injuring a child or she was not guilty of anything at all. To determine whether under the second step of the lesser included offense analysis the trial court properly instructed the jury on the lesser included offense of recklessly causing bodily injury to a child, we must determine whether some evidence exists in the record that would to permit the jury to rationally find that if Gay is guilty, she is guilty only of the lesser included offense of recklessly causing bodily injury to Zachary. *See Hall*, 225 S.W.3d at 536; *Salinas*, 163 S.W.3d at 741; *Rousseau*, 855 S.W.2d at 672–73; *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981).

A person acts recklessly "with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur," and the "the risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." Tex. Penal Code Ann. § 6.03(c) (Vernon 2003). "Bodily injury" is "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). Consequently, we review the record to determine whether some evidence exists that would permit the jury to rationally find that if Gay is guilty, she is guilty only of being aware of, but consciously disregarding, a substantial and unjustifiable risk that Zachary would suffer physical pain, illness, or any impairment of his physical condition.

The evidence establishes that Gay pinched or rubbed Zachary's face to conceal the bite mark. Gay testified that she was afraid Leon would sue her because Zachary had been bitten again. Therefore, a jury could rationally have believed that it was not Gay's intention to harm Zachary, but rather it was her intention to attempt to avoid civil litigation by concealing the bite wound that Zachary had already sustained. Thus, some evidence exists in the record that Gay acted recklessly in regard to her conduct by consciously disregarding a substantial and unjustifiable risk that pain would result to Zachary from her pinching or rubbing and that the risk of inflicting pain on Zachary was of such a nature that disregarding it was a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. Consequently, some evidence exists that if Gay is guilty, she is guilty only of the lesser included offense of recklessly causing bodily injury to a child. *See Hall*, 225 S.W.3d at 536; *Salinas*, 163 S.W.3d at 741; *Rousseau*, 855 S.W.2d at 672–73; *Royster*, 622 S.W.2d at 446; *see also Ehrhardt v. State*, No. 06–02–00209–CR, 2003 WL 22004238, at *2–3 (Tex.App.-Texarkana Aug. 26, 2003, no pet.) (not designated for publication) (holding evidence sufficient to show that defendant recklessly caused bodily injury to a child fourteen years of age or younger by biting child on the arm). Accordingly, the trial court did not err by instructing the jury on the lesser included offense of reckless bodily injury to a child. We overrule Gay's sole point.

## VI. Conclusion

Having overruled Gay's sole point, we affirm the trial court's judgment.

DAUPHINOT, J. filed a dissenting opinion.

LEE ANN DAUPHINOT, Justice, dissenting.

I write separately because this case is more difficult than it first appears. The sole issue is whether the trial court prop-

erly permitted the jury to convict Appellant of the unindicted offense of reckless injury to a child. The conviction is proper only if the jury charge was proper. The standard for determining when an instruction on a lesser included offense is proper is the same whether the instruction is requested by the State or by the defense.[1]

A person commits the offense of injury to a child if he intentionally, knowingly, recklessly, or with criminal negligence by act, or intentionally, knowingly, or recklessly by omission, causes bodily injury to a child.[2] The indictment in this case charged that Appellant intentionally and knowingly caused bodily injury to the child "by using her hand to pinch and mash the face of" the child.

Bodily injury means "physical pain, illness, or any impairment of physical condition."[3] This definition describes the three conditions that constitute bodily injury in the disjunctive. That is, if the actor causes physical pain, it is not necessary that he also cause impairment of the child's physical condition. Similarly, if the actor causes impairment of the child's physical condition, he is not required to cause physical pain as well.

The State's theory of the case was that Appellant wanted to cover up bite marks on the child's face, so she pinched or mashed the child's face at the site of the bite marks to create a bruise that would hide the bite. The majority appears to say that although Appellant intended to cause

a bruise to cover the bite mark, she assumed and consciously disregarded the risk that pain would occur. Therefore, the majority concludes, the instruction on reckless injury to a child was proper.

If pain were the only measure of bodily injury, the majority would be correct. But pain is only one of three independent measures of bodily injury. Causing the bruise is also a manner of causing bodily injury. A bruise "is a traumatic injury of the soft tissues which results in breakage of the local capillaries and leakage of red blood cells."[4] A person who causes a bruise causes physical impairment by causing the local capillaries to break, allowing red blood cells to leak into the surrounding tissue.

The State's theory was that Appellant pinched or mashed the child's cheek in order to cause a bruise, thereby obscuring the bite or causing the bite marks to "run together." That is, the State's theory was that Appellant intended to cause bodily injury, to wit, a bruise. I have examined State's Exhibits 3 through 16, the photographs of the child's cheek. The photographs show a bruise on top of the bite marks on the child's cheek but no bruise around the older bite mark on the child's arm.

For a party to be entitled to a charge on the lesser included offense of reckless injury to a child, there must be some evidence that, if guilty, Appellant is guilty only of the lesser included offense.[5] In this case,

---

1. *Arevalo v. State*, 943 S.W.2d 887, 889–90 (Tex.Crim.App.1997).

2. Tex. Penal Code Ann. § 22.04 (Vernon Supp. 2006).

3. *Id.* § 1.07(a)(8) (Vernon 2003).

4. MedTerms Medical Dictionary, http://www.medterms.com/script/main /art.asp?articlekey=2541 (last visited August 23, 2007).

5. *See Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim.App.2007); *Salinas v. State*, 163 S.W.3d 734, 741 (Tex.Crim.App.2005); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim. App.), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993).

there must be some evidence that Appellant did not intend to cause a bruise and did not intend to cause pain. If, as the State contended, Appellant intended to cause a bruise, Appellant intended to cause bodily injury. The majority does not direct us to any portion of the record that constitutes evidence that Appellant did not intend to cause a bruise, leaving as the only evidence of bodily injury the infliction of pain.

The majority appears to acknowledge that Appellant intended to cause a bruise because "it was [Appellant's] intention to attempt to avoid civil litigation by concealing the bite wound that [the child] had already sustained."[6] The majority believes that Appellant acted recklessly

> by consciously disregarding a substantial and unjustifiable risk that pain would result to [the child] from her pinching or rubbing and that the risk of inflicting pain on [the child] was of such a nature that disregarding it was a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.[7]

If, as the majority appears to conclude, Appellant intended to cause the bruise and was reckless only about causing pain, then the majority is incorrect in holding that there is evidence that Appellant is guilty only of the lesser offense, a holding that is necessary to justify the charge. Indeed, the majority's apparent conclusion that Appellant intended to cause the bruise and was reckless about causing pain seems to suggest that Appellant is guilty of injury to a child both by intentionally causing physical impairment (that is, the bruise) and by recklessly causing physical pain.

If there is not some evidence that Appellant, if guilty, is guilty only of the lesser included offense of recklessly causing injury to the child, then the trial court erred by permitting the jury to convict of the lesser offense, especially in light of Appellant's objection to the jury charge.

Because the majority appears to hold that a person inflicts bodily injury only by causing pain and disregards the remainder of the statute describing bodily injury as illness or any impairment of physical condition, I must respectfully dissent.