

**NUMBER 13-06-00542-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ERICA KENDALL,**                                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                             **Appellee.**

---

**On appeal from the 197th District Court of Willacy County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Erica Kendall, appeals her conviction for reckless bodily injury to a child fourteen years of age or younger. *See* TEX. PENAL CODE ANN. § 22.04(a)(1) (Vernon 2003). The trial court assessed punishment at twenty years' confinement. In three issues, appellant asserts: (1) she was convicted for a non-existent offense; (2) the evidence of her mental state is legally and factually insufficient; and (3) the trial court erred by instructing

the jury on the lesser included offense of reckless bodily injury to a child. We affirm.

## I. BACKGROUND

Because appellant challenges the sufficiency of the evidence supporting her conviction, a review of the facts adduced at trial is necessary. At approximately 11:30 a.m. on October 10, 2004, Officer Andres Chavez responded to an emergency call of an unresponsive child. Upon arrival, Officer Chavez saw that paramedics were assisting two year old A.K. who was "lying motionless on [a] stretcher." When Officer Chavez asked what had occurred, appellant responded that her son suffered from a brain condition. After seeing the ambulance leave, Officer Chavez walked into appellant's residence and saw that it was "very unkept" and smelled of feces. Officer Chavez, however, found no evidence of criminal activity.

Hermelinda Robles lived across the street from appellant. Robles testified that at about 11:20 a.m., appellant rushed over to her house with A.K. in her arms. She stated that A.K. was motionless and that appellant was yelling that AK "couldn't breathe." On both direct and cross-examination, Robles acknowledged that she saw no blood, bruises, or cuts on A.K.'s face. However, she indicated that she saw a red mark on his cheek. She added that after the paramedics arrived she walked into appellant's house to check on appellant's other children. Robles noted that the house was very unkept and that appellant was the only adult at the residence.

The record shows that A.K. was rushed to Valley Baptist Medical Center in Harlingen, Texas. Child Protective Services investigator, Sandra Massey, arrived at the hospital the following afternoon. Appellant told Massey that A.K. had been feeling sick, that he had a fever that morning, he had been gagging, and was in and out of naps.

2

Appellant also told her that around 10:40 a.m. is when A.K. "rolled over and gasped for air." She then called 911. On cross-examination, Massey acknowledged that she found no evidence that either A.K. or appellant's other children had ever been physically abused. On re-direct, however, Massey noted that a pattern of abuse over a period of time is not necessary before a child may be killed. She further stated that appellant seemed to raise her children in an unhealthy environment, noting that the residence "reeked of urine" and that "blankets and clutter [were] everywhere."

A.K. was pronounced dead on October 11, 2004. Forensic pathologist Norma Farley, M.D., performed the autopsy. She first noted that A.K. had an abrasion and a faint contusion on the left side of his face. She concluded that the abrasion and contusion were not the result of resuscitation efforts. Dr. Farley also found subarachnoid and subdural hemorrhaging of the brain, a tear in the front part of the brain, and a retinal hemorrhage. She testified that the tear in the front part of the brain occurred as the result of significant blunt force trauma, and that the amount of force necessary to cause such a tear was the equivalent of being involved in a forty mile per hour car accident. Dr. Farley added that the tear in A.K.'s brain fit the definition of a serious bodily injury, but she was unable to rule the case a homicide. Rather, she concluded the cause of death was "intracranial hemorrhage with closed-head injuries." Dr. Farley, however, was unable to ascertain what type of object, if any, was used to cause A.K.'s injuries.

Pediatrician, James Lukefahr, M.D., examined A.K.'s medical records information. He testified that the record showed a number of significant injuries. Specifically, he noted that A.K. had a contusional tear of the brain, contusions to the left side of his face, and a subarachnoid hemorrhage along the base of the brain and along the cerebellum. Dr.

3

Lukefahr concluded that the frontal tear to A.K's brain could not have been caused by accident, that a great deal of force was necessary to cause such an injury, and that the most reasonable explanation was that the injury was caused by blunt trauma.

A second neighbor, Laura Arreola, testified that she saw appellant everyday, that their children always played together, and that they would always go out to eat. She confirmed that appellant's residence was always filthy, that she would always see dirty clothes, dirty dishes, and cat feces spread throughout the house. Arreola testified about an incident where appellant told her that A.K. was getting on her nerves and that she "had to spank him." On cross-examination, however, Arreola acknowledged that she was unaware of any particular occasion where appellant exhibited abusive behavior towards her children.

Foster Edwards, a Willacy County paramedic who transported A.K. to the hospital, Gerald Parks, a close friend of appellant's who visited A.K. at the hospital, and Samuel Adame, a CPS investigator, all testified that they failed to notice any abrasions or external injuries to A.K's face. B.R., A.K's nine-year old sister, testified that on the day in question, she did not hear appellant scream or hit A.K. She further testified that appellant has never beat her or her younger sister. However, she acknowledged that appellant would spank her occasionally. On cross-examination, the State asked B.R. if, on the day in question, she told her neighbor, David Robles, that she heard appellant repeatedly yelling A.K.'s name from the bathroom. B.R. denied ever making those statements.

Appellant testified on her own behalf. She first denied ever mistreating A.K. or ever causing him serious bodily injury. Rather, she stated that on the day in question, A.K. was feeling sick, started vomiting, and simply stopped breathing. On cross-examination,

4

appellant admitted that she had previously spanked her children with a belt.

The State called David Robles and Nathlin Holbrook as rebuttal witnesses. Robles testified to a conversation he had with appellant's daughter, B.R. According to Robles, B.R. told him that on the day in question she heard appellant yelling out A.K.'s name, that she heard the bathroom door close, and that she continued to hear appellant yelling at A.K while they were in the bathroom. Holbrook testified that while appellant's children were in her foster care, they told her that appellant would hit them with a belt, and that she "would swing the belt so hard [that] it looked like two belts when [they] were getting hit." She also testified to a conversation she had previously had with appellant, wherein appellant admitted to giving B.R. an "old-fashioned whipping."

## II. NON-EXISTENT OFFENSE

By her first issue, appellant argues that because the State's indictment failed to contain the words "by omission," she was in effect convicted for a non-existent offense. The penal code provides that a person commits the offense of injury to a child by "intentionally, knowingly, recklessly, or with criminal negligence . . . caus[ing] a child . . . (1) serious bodily injury." TEX. PENAL CODE ANN. § 22.04(a). The offense can also be committed by intentionally, knowingly, or recklessly by omission, caus[ing] a child . . . (1) serious bodily injury. *Id*. The State indicted, and the jury convicted, appellant for knowingly causing serious bodily injury to A.K. by striking him with an unknown deadly weapon. We find no error. *See State v. Edmond*, 933 S.W.2d 120, 127-28 (Tex. Crim. App. 1996) (holding that an indictment which tracks the language of a criminal statute is sufficient to allege an offense and to provide a defendant with notice of the charged offense). Appellant's first issue is overruled.

5

### III. LEGAL AND FACTUAL SUFFICIENCY

By her second issue, appellant challenges the legal and factual sufficiency of the evidence to support the jury's finding that she acted recklessly.

### A. Standards of Review

A legal sufficiency review requires this Court to view the evidence in light most favorable to the verdict and determine whether any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hampton v. State*, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005). Determinations of the credibility of witnesses and the weight of the evidence are left to the jury; our role is limited to ensuring the jury's rationality. *Alvarado v. State*, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995). The jury may accept or reject any of the evidence for any side. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

In a factual sufficiency review, we view all of the evidence in a neutral light and ask whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *See Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). In conducting this review, we are permitted to substitute our judgment for the jury's on the question of witness credibility and weight of evidence determinations, "albeit to a very limited degree." *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). We will reverse a verdict of guilty on a factual sufficiency challenge only when we can say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *See Watson*, 204 S.W.3d at 417.

## B. Applicable Law

Injury to a child is a result-oriented offense; thus, it is not enough for the State to prove that the defendant engaged in conduct with the requisite criminal intent. *Bowden v. State*, 166 S.W.3d 466, 470 (Tex. App.–Fort Worth 2005, pet. ref'd); *Lee v. State*, 21 S.W.3d 532, 540 (Tex. App–Tyler 2000, pet. ref'd). Instead, the State must also prove that the defendant caused the result with the requisite criminal intent. *Bowden*, 166 S.W.3d at 470; *Lee*, 21 S.W.3d at 540.

A person acts recklessly when he is aware of, but consciously disregards, a substantial and unjustifiable risk that the result will occur. TEX. PENAL CODE ANN. § 6.03 (Vernon 2003); *Montgomery v. State*, 198 S.W.3d 67, 88 (Tex. App.–Fort Worth 2006, pet. ref'd). The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. TEX. PENAL CODE ANN. § 6.03(c); *Montgomery*, 198 S.W.3d at 88.

The culpable mental state is generally proven through circumstantial evidence. *Bowden*, 166 S.W.3d at 470; *Morales v. State*, 828 S.W.2d 261, 263 (Tex. App.–Amarillo 1992), *aff'd*, 853 S.W.2d 583 (Tex. Crim. App. 1993). Ordinarily, the culpable mental state must be inferred from the acts of the accused or the surrounding circumstances, which includes not only acts but also words and conduct. *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984); *Morales*, 828 S.W.2d at 263.

## C. Analysis

On appeal, appellant contends that because the State presented its evidence in line

with the theory that she intentionally caused A.K's bodily injuries, the evidence is legally and factually insufficient to prove the lower culpable mental state of recklessness.

It is well recognized that in injury to child cases, there is rarely direct evidence of exactly how the child's injuries occurred, which is why the culpable mental state may be inferred from circumstantial evidence. *See Ledesma*, 677 S.W.2d at 531; *Morales*, 828 S.W.2d at 263; *Kelley v. State*, 187 S.W.3d 761, 763 (Tex. App.–Houston [14th Dist] 2006, pet. ref'd); *see also Scott v. State*, No. 02-04-139-CR, 2007 Tex. App. LEXIS 7282 at *11 (Tex. App.–Fort Worth Aug. 31, 2007, pet. ref'd) (mem. op., not designated for publication). Here, there was evidence, in addition to the nature of A.K's injuries, from which the jury could have inferred a reckless mental state. For instance, there was evidence that appellant had handled A.K. roughly the day he received his injuries–i.e., the abrasion and a faint contusion on the left side of his face–as well as evidence that appellant would forcefully discipline her children. Robles testified to a conversation he had with B.R., wherein B.R. stated that on the day in question appellant took A.K. in the bathroom and was yelling at him. Although appellant presented differing evidence concerning A.K's condition at the time of death, we may not substitute our determination for that of the jury, and resolution of conflicts in the evidence and the credibility of witnesses lies within the exclusive province of the jury.

After reviewing the record and applying the appropriate standards of review, we conclude the evidence is legally and factually sufficient to support the jury's finding that appellant recklessly caused serious bodily injury to a child. *See Jackson*, 443 U.S. at 319; *Hampton*, 165 S.W.3d at 693; *Watson*, 204 S.W.3d at 414-15; *see also* TEX. PENAL CODE ANN. § 6.02(d) (Vernon Supp. 2007) (proof of a higher degree of culpability constitutes

8

proof of the lower degree of culpability).

## IV. LESSER INCLUDED OFFENSE

By her third issue, appellant contends the trial court erred by charging the jury on the lesser-included offense of recklessly causing serious bodily injury to A.K.

A defendant is entitled to an instruction on a lesser-included offense if (1) the lesser offense is a lesser-included offense of the charged offense, and (2) there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty of the lesser offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006).

Under the first prong, we compare the elements of the charged offense, as modified by the indictment, with elements of the lesser offense that might be added to the jury charge. *Id*. "We compare the elements of both offenses to determine whether, in proving the offense as charged, the State necessarily had to prove all the elements of the lesser offense, plus something more." *Id*. at 189 & n.7 (applying article 37.09 of the Texas Code of Criminal Procedure). If prong one is met, we then consider, under prong two, whether there is some evidence from which a jury rationally could find that, if defendant is guilty, he is guilty of the lesser offense. *Id*. At this step of the analysis, "the evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense." *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007).

Appellant was indicted for knowingly causing serious bodily injury to A.K. by striking him with an unknown deadly weapon. *See* TEX. PENAL CODE ANN. § 22.04(a)(1). The penal code provides that a person commits the offense of injury to a child by "intentionally,

9

knowingly, recklessly, or with criminal negligence . . . caus[ing] a child . . . (1) serious bodily injury." *Id*. § 22.04(a). Section 22.04(e) provides that an offense under subsection (a)(1) "is a felony of the first degree when the conduct is committed intentionally or knowingly," but it is a felony of the second degree "when the conduct is engaged in recklessly." *Id*. § 22.04(e).

Here, the facts required to prove the lesser included offense are the same as or less than those required to prove the offense charged in the indictment–knowingly bodily injury to a child; the offenses differ by statute only in their differing mental states. *See Gay v. State*, 235 S.W.3d 829, 832 (Tex. App.–Fort Worth 2007, pet. dism'd); *Moore v. State*, 154 S.W.3d 703, 711 (Tex. App–Fort Worth 2004, pet. ref'd) (holding that because the offense of serious bodily injury encompasses all culpable mental states, criminally negligent infliction of serious bodily injury is a lesser included offense of knowing infliction of serious bodily injury). Thus, we hold as a matter of law that recklessly causing serious bodily injury to a child is a lesser included offense of intentionally or knowingly causing serious bodily injury to a child. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(3) (Vernon Supp. 2007) (an offense is a lesser-included offense of a charged offense if it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission).

To determine whether under the second prong of the lesser included offense analysis the trial court properly instructed the jury on the lesser included offense of recklessly causing serious bodily injury to a child, we must determine whether some evidence exists in the record that would permit the jury to rationally find that if appellant is guilty, she is guilty only of the lesser included offense of recklessly causing serious bodily

10

injury to A.K. *See Hall*, 225 S.W.3d at 536; *Gay*, 235 S.W.3d at 833. As discussed in our resolution of appellant's second issue, the record does contain evidence that would permit a rational jury to find appellant guilty of the lesser-included offense. Therefore, the jury in this case could have rationally concluded appellant only committed the offense of recklessly causing serious injury to a child. *See Gay*, 235 S.W.3d at 832. Accordingly, the trial court did not err by instructing the jury on the lesser included offense of reckless injury to a child. Appellant's third issue is overruled.

## V. CONCLUSION

We affirm the trial court's judgment.

/s/ ROGELIO VALDEZ
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 15th day of May, 2008.