

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00072-CR

_____

KALEB RAY EISENMANN, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR19-0443

_____

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

After three-month-old J.E. died from injuries to his head, Appellant Kaleb Ray Eisenmann was charged with causing those injuries and J.E.'s resulting death. Eisenmann was J.E.'s mother's boyfriend.

The indictment alleged one count of capital murder and one count of knowingly causing serious bodily injury to a child. The jury charge defined "knowingly," "recklessly," and "criminal negligence," and it contained application paragraphs for not only the two indicted offenses but also for recklessly causing serious bodily injury, knowingly causing bodily injury, and criminally negligent injury to a child. The jury found Eisenmann guilty of the indicted knowingly-causing-serious-bodily-injury offense and assessed his punishment at fifty years' confinement, and the trial court sentenced him accordingly.

In one issue, Eisenmann argues that the trial court erred by including the *mens rea* of recklessly and the *mens rea* of criminal negligence in the jury charge. Because Eisenmann was not harmed by including the challenged lesser-included offenses, we will affirm.

## Reviewing a Jury Charge

Eisenmann neither objected to the charge nor requested a specific charge. *Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996); *see also Chapman v. State*, 921 S.W.2d 694, 695 (Tex. Crim. App. 1996) (holding requested instruction coupled with defense counsel's statements to the trial court sufficient to preserve error).

2

Unpreserved charge error warrants reversal only when the error resulted in egregious harm. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19. Errors that result in egregious harm are those "that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011) (citing *Almanza*, 686 S.W.2d at 172).

**Analysis**

In Eisenmann's only issue on appeal, he argues that the trial court erred "when it included the lesser *mens rea* of recklessness and lesser *mens rea* of criminal negligence in the jury charge because the only *mens rea* in the indictment was knowingly." He contends that the charge "allowed the jury . . . to convict him on a lesser *mens rea* than knowingly—specifically either recklessness or criminal negligence" and that "[t]his is egregious error under *Almanza* because the indictment only included knowingly." He argues that the charge was erroneous because it defined "knowingly," "recklessly," and "criminal negligence" and included application paragraphs for knowingly causing serious bodily injury to J.E., for recklessly causing serious bodily injury, and for criminal negligence causing bodily injury. He contends that "[w]hile the jury foreperson signed the one-line verdict titled 'knowingly causing serious bodily injury to a child, as charged in the indictment,' . . . and read that verdict line accordingly . . .,

3

that one line is not sufficient to overcome the cumulative risk for confusion as to *mens rea* by the jury as it deliberated."

We are not clear whether Eisenmann is arguing that the trial court erred by including application paragraphs for lesser-included offenses that were not charged in the indictment or whether he argues that, when the jury deliberated on and convicted him of the knowingly-causing-serious-bodily-injury charge, the jury could have applied the wrong *mens rea*. If Eisenmann intended the latter, it is unclear how he contends that could have happened. The application paragraph for knowingly causing serious bodily injury to a child told the jury that it could convict him of that offense if it found that he had committed the alleged acts knowingly. The paragraph included no other mental state. We presume a jury follows the instructions in a charge absent evidence to the contrary. *Scott v. State*, 555 S.W.3d 116, 124 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). Accordingly, we presume that the jury followed the instruction to consider only whether he acted knowingly with respect to that offense.

As for an argument that Eisenmann's conviction must be reversed because it contained lesser-included offenses that were not in the indictment, that argument is also without merit. *See Wortham v. State*, 412 S.W.3d 552, 555 (Tex. Crim. App. 2013). As we explain, Eisenmann suffered no harm from the inclusion of those offenses.

A lesser-included offense is one that is established by proof of the same or less than all the facts required to establish the commission of the indicted offense or that differs from the indicted offense only in the respect that a less serious injury or a less

4

culpable mental state suffices to establish its commission. Tex. Code Crim. Proc. Ann. art. 37.09(1), (2), (3). When the evidence supports it, a trial court may include in the jury charge a lesser-included offense of the indicted offense. *See Wortham*, 412 S.W.3d at 555; *Humphries v. State*, 615 S.W.2d 737, 738 (Tex. Crim. App. 1981).

Regarding the knowingly-causing-serious-bodily-injury offense, the indictment alleged that Eisenmann had injured J.E., a child under ten years old, by causing J.E.'s head to strike a surface or object unknown to the Grand Jury "and/or by forcing the rapid acceleration and deceleration of" J.E.'s head. The only difference between that offense and the recklessly-causing-serious-bodily-injury offense set out in the jury charge was that the latter required a less culpable mental state. Accordingly, the offense is a lesser-included offense of the indicted offense. *See* Tex. Code Crim. Proc. Ann. art. 37.09; Tex. Penal Code Ann. § 22.04; *Wortham*, 412 S.W.3d at 555; *cf. Hicks v. State*, 372 S.W.3d 649, 652 (Tex. Crim. App. 2012) (holding that reckless aggravated assault is a lesser-included offense of intentional or knowing aggravated assault); *Gay v. State*, 235 S.W.3d 829, 832 (Tex. App.—Fort Worth 2007, pet. ref'd) (holding that reckless bodily injury to child by act—as opposed to by omission—is a lesser-included of knowing bodily injury to a child by act).

Likewise, the criminally-negligent-injury offense in the jury charge differed from the indicted knowingly-causing-serious-bodily-injury offense only as to the required mental state and the degree of injury. It, too, is a lesser-included offense of the indicted offense. *See Wortham*, 412 S.W.3d at 555; *see also King v. State*, 650 S.W.3d

241, 270 (Tex. App.—Houston [1st Dist.] 2021, pet. granted) (stating that causing bodily injury to a child is a lesser-included offense of causing serious bodily injury); *cf. Wade v. State*, 663 S.W.3d 175, 181–82 (Tex. Crim. App. Apr. 6, 2022) (stating that as a matter of law, assault is a lesser-included offense of aggravated assault because it differs from aggravated assault only in that proving assault requires a less serious injury); *Pierson v. State*, No. 02-15-00457-CR, 2016 WL 3034660, at *4 n.10 (Tex. App.—Fort Worth May 26, 2016, no pet.) (mem. op., not designated for publication) (noting that assault causing bodily injury is a lesser-included offense of assault causing serious bodily injury).

Because the two challenged offenses were lesser-included offenses of an indicted offense, the trial court was authorized to include each lesser-included offense in the charge so long as some evidence would have permitted the jury to rationally find that if Eisenmann was guilty, he was guilty only of that lesser-included offense.[1] *See Wortham*, 412 S.W.3d at 554; *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). However, even when a trial court errs by charging the jury on a lesser-included offense, the defendant is not harmed by the error if the jury convicts on the greater offense. *Clark v. State*, 717 S.W.2d 910, 918 (Tex. Crim. App. 1986). In that circumstance, the jury has no reason to consider whether the defendant is guilty of the

---

[1]The evidentiary requirement does not apply when the State requests the inclusion of a lesser-included offense, *see Grey v. State*, 298 S.W.3d 644, 645 (Tex. Crim. App. 2009), but the record does not show how the lesser-included offenses became a part of the charge in this case.

lesser-included offense. *See id.*; *Smith v. State*, 744 S.W.2d 86, 95 (Tex. Crim. App. 1987); *Quigley v. State*, No. 02-15-00441-CR, 2017 WL 930066, at *11 (Tex. App.—Fort Worth Mar. 9, 2017, no pet.) (mem. op., not designated for publication); *see also Sossamon v. State*, No. 10-02-00231-CR, 2004 WL 2610434, at *8 (Tex. App.—Waco Nov. 17, 2004, pet. ref'd) (not designated for publication) (noting that "a conviction for the greater inclusive offense nullifies any possible harm that might have derived from an instruction on a lesser-included offense"); *Rodriguez v. State*, 661 S.W.2d 332, 336 (Tex. App.—Corpus Christi 1983, pet. ref'd) ("We find no merit in [the appellant's] attack on a portion of the charge under which he was not convicted."). Here, the jury convicted Eisenmann of the greater offense of knowingly causing serious bodily injury to a child. Eisenmann was thus not harmed by the inclusion of lesser-included offenses in the charge. *See Clark*, 717 S.W.2d at 918.

Eisenmann relies on *Gonzalez v. State* for the proposition that "[i]nclusion of the culpable mental state of recklessness in a jury charge application paragraph for aggravated assault causing bodily injury is error when recklessness is omitted from the indictment." 610 S.W.3d 22, 26 (Tex. Crim. App. 2020). However, *Gonzalez* goes on to state that a trial court can avoid that error by submitting a lesser-included recklessness offense in a standalone instruction, separate from the application paragraph for the indicted offense. *Id.* In this case, unlike the error described in *Gonzalez,* the lesser mental states were not included in the application paragraph for the offense of knowingly causing serious bodily injury. Instead, they were included in

7

separate, subsequent paragraphs. *Gonzalez* therefore does not support Eisenmann's argument.

Eisenmann also relies on *Reed v. State*, 117 S.W.3d 260, 265 (Tex. Crim. App. 2003). Like Gonzalez, *Reed* concluded that the trial court had erred by including the recklessness *mens rea* in the application paragraph for the indicted offense when the indictment had alleged only intentionally and knowingly. *Id.* at 261, 264–65. In that case, no lesser-included offense was submitted to the jury. *Id.* at 264–65. *Reed* specifically distinguished the situation in that case from one in which the mental state of recklessness is included in a charge in reference to a lesser-included offense. *Id.* at 264 (first citing *Little v. State*, 659 S.W.2d 425, 426 (Tex. Crim. App. 1983), and then citing *Rocha v. State*, 648 S.W.2d 298, 302 (Tex. Crim. App. 1982)). Accordingly, *Reed* is also inapplicable to this case.

The application paragraph of the offense for which Eisenmann was convicted included only the culpable mental state of knowingly, and we presume that the jury followed the jury charge. The mental states of recklessly and criminally negligent were included in the charge only in relation to lesser-included offenses, and the inclusion of those offenses in the charge did not harm Eisenmann. We overrule Eisenmann's sole issue.

## Conclusion

Having overruled Eisenmann's sole issue, we affirm the trial court's judgment.

8

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 1, 2023

9