Narada HICKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–10–00355–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 3, 2011.

Discretionary Review Granted
Nov. 2, 2011.

**90**

Peyton Peebles III, Houston, for Appellant.

Dan McCrory, Houston, for the State.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant Narada Hicks challenges his conviction for aggravated assault on the grounds that (a) insufficient evidence supports the jury's verdict, (b) the trial court reversibly erred by including a purported lesser-included offense in its charge to the jury, and (c) the trial court reversibly erred by denying his motion for mistrial when the jury was deadlocked and instead providing a supplemental *Allen* charge.[1] Because we agree that the trial court erroneously charged the jury, we reverse and remand.

## BACKGROUND

Appellant and the complainant, Angelo Jackson, met in high school and became friends while working at a restaurant in Houston. At some point in 2007, appellant loaned Jackson a pair of Prada shoes. Jackson took the shoes to New Orleans; he never returned the shoes and later joined the Army. Appellant asked for his shoes back, but Jackson failed to return them.

In August 2008, Jackson was on leave from the Army and returned to Houston to visit his mother. While he was in Houston, Jackson encountered appellant. The two men discussed the shoes, and Jackson agreed to pay appellant for the shoes. The two arranged to meet in a parking lot near a discount store later that day. Jackson, accompanied by his fiancée, Troylyn Curtis, drove to the parking lot. In anticipation of the meeting, Jackson withdrew cash from a nearby ATM.

Appellant arrived at the parking lot shortly thereafter and tapped on Jackson's car window. Jackson rolled down his window and handed appellant $100. After appellant counted the money, he asked Jackson to get out of the car and talk to him; the two went behind the car near the trunk. Appellant asked for more money, but Jackson denied having any more. When appellant withdrew a black revolver from behind his waist with his left hand, Jackson believed appellant was going to try to take more money from him. Jackson rushed in and grabbed appellant's hand, and the two struggled over the gun. When Curtis stepped out of the car, appellant pointed the gun in her direction as he and Jackson continued fighting over it. Jackson told Curtis to get back in the car because appellant had a gun, and she did so.

Appellant managed to get away from Jackson when Jackson was distracted by Curtis' stepping out of the car. Jackson grabbed appellant again, and the two continued to struggle. During the altercation, appellant pulled the trigger on the gun and shot Jackson in the leg. Appellant then stood up and pointed the gun at Jackson.

---

1. *See Allen v. United States,* 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

The injured man pleaded for his life and gave appellant his chain and watch. Appellant left the scene in a vehicle with another individual. Curtis called 911 when she learned that Jackson had been shot. At the scene, Jackson and Curtis identified appellant as the shooter. Appellant surrendered in court a few days later.

A grand jury indicted appellant for aggravated assault by "unlawfully, intentionally and knowingly causing bodily injury to ANGELO JACKSON by using a deadly weapon, namely, [a] FIREARM." Jackson, Curtis (who, at the time of trial, was Jackson's wife and using his last name), two police officers, and appellant testified at his jury trial. Jackson and Curtis testified to the events described above. The police officers described their response to the 911 call and their subsequent investigation. Appellant agreed with much of Jackson's testimony regarding their history and the shoes, but he testified that it was Jackson, not he, who pulled the gun during their altercation. He further explained that the gun accidentally discharged while they were struggling over it.

In its jury charge, the trial court first asked the jury whether it found from the evidence beyond a reasonable doubt that appellant intentionally or knowingly caused bodily injury to Jackson by using a firearm. The trial court called this offense "aggravated assault—intentionally or knowingly causing bodily injury." The trial court then instructed the jury that if the jury was unable to agree that appellant was guilty of this offense, the jury should decide whether it found from the evidence beyond a reasonable doubt that appellant recklessly caused bodily injury to Jackson by using a firearm. The trial court called this offense "aggravated assault—recklessly causing bodily injury," and the trial court submitted it as a lesser-included offense. The jury convicted appellant of aggravated assault, finding beyond a reasonable doubt that appellant recklessly caused bodily injury to Jackson using a firearm. The jury assessed punishment at confinement in the Texas Department of Criminal Justice, Institutional Division for ten years. Based on the jury's recommendation, the trial court suspended appellant's sentence and placed him on community supervision for ten years. This appeal timely ensued.

## ANALYSIS

### A. Sufficiency of the Evidence

■ In his first and second issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. However, while this appeal was pending, a majority of the judges of the Texas Court of Criminal Appeals determined that "the *Jackson v. Virginia* [ [2] ] legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State,* 323 S.W.3d 893, 894–95 (Tex.Crim. App.2010) (plurality op.); *id.* at 926 (Cochran, J., concurring). Accordingly, we review the sufficiency of the evidence in this case under a rigorous and proper application of the *Jackson v. Virginia* legal sufficiency standard. *See Pomier v. State,* 326 S.W.3d 373, 378 (Tex.App.-Houston [14th Dist.] 2010, no pet.).

■ In his sufficiency challenge, appellant asserts that there is no evidence to support the jury's verdict that appellant recklessly assaulted Jackson. But under *Malik v. State,* we measure the sufficiency of the evidence against the hypothetically

---

**2.** 443 U.S. 307, 319, 99 S.Ct. 2781, 61    L.Ed.2d 560 (1979).

correct jury charge. 953 S.W.2d 234, 240 (Tex.Crim.App.1997) (en banc). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Here, the hypothetically correct jury charge would have charged appellant with aggravated assault limited by the mental states listed in the indictment: intentional or knowing behavior. *See id.; see also Curry v. State,* 30 S.W.3d 394, 404–05 (Tex.Crim.App.2000) (explaining that hypothetically correct jury charge could not simply track statute, but must be limited by allegations in the indictment). To convict appellant of aggravated assault as was charged here, the State needed to establish that appellant (a) intentionally or knowingly [3] (b) caused bodily injury to Jackson (c) by using a firearm. *See* Tex. Penal Code Ann. §§ 22.01(a)(1) (West Supp.2009) (defining assault); 22.02(a)(2) (defining aggravated assault as assault while using or exhibiting a deadly weapon). A firearm is a deadly weapon per se. *See id.* § 1.07(a)(17)(A) (West Supp.2009). For the reasons stated in section B, below, the hypothetically correct jury charge would not include the submission of "aggravated assault-recklessly causing bodily injury."

▮ Proof of a mental state almost always depends on circumstantial evidence. *Gant v. State,* 278 S.W.3d 836, 839 (Tex. App.-Houston [14th Dist.] 2009, no pet.). Here, Jackson testified that appellant

pulled a gun out of the back of his pants when Jackson refused to give him any more money for his shoes. Jackson explained appellant raised the gun toward Jackson when Jackson "rushed him." Jackson further testified that appellant pointed the gun towards his fiancée. Finally, Jackson testified that appellant "pulled the trigger" on the gun. This testimony supports a finding that appellant intentionally or knowingly used a firearm while causing bodily injury to Jackson, *i.e.,* by shooting him. *See Simpson v. State,* 227 S.W.3d 855, 861 (Tex.App.-Houston [14th Dist.] 2007, no pet.).

Accordingly, viewing the evidence in the light most favorable to the verdict, we conclude that a rational fact-finder could have concluded beyond a reasonable doubt that appellant intentionally or knowingly caused bodily injury to Jackson by using or a firearm. We therefore overrule appellant's first and second issues.

**B. Charge Error**

▮ In his third issue, appellant asserts that the trial court reversibly erred by submitting a jury instruction allowing the jury to convict him of aggravated assault by recklessly causing bodily injury with a firearm. A claim of jury-charge error is governed by the procedures set forth in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985). We must first determine whether the trial court erred in its submission of the charge. *Barrios v. State,* 283 S.W.3d 348, 350 (Tex.Crim.App. 2009). If error exists and, as here, appellant properly objected at trial, reversal is required if "some harm" resulted, *i.e.,* if the error was "calculated to injure the

---

**3.** A person acts intentionally when it is his "conscious objective or desire to engage in the conduct or cause the result." Tex. Penal Code Ann. § 6.03(a) (West 2003). A person acts knowingly when he is aware (a) of the

"nature of his conduct or that the circumstances exist" or (b) "that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b).

rights of the defendant." *Id.* (quoting *Almanza*, 686 S.W.2d at 171).

Here, the charge provides:

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 23rd day of August, 2008, the defendant, Narada Hicks, did then and there unlawfully, *intentionally or knowingly* cause bodily injury to Angelo Jackson by using a deadly weapon, namely, a firearm, then you will find the defendant guilty of aggravated assault intentionally or knowingly causing bodily injury, as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, *or if you are unable to agree,* you will next consider whether the defendant is guilty of the lesser offense of aggravated assault-recklessly causing bodily injury.

Therefore, if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of August, 2008, in Harris County, Texas, the defendant, Narada Hicks, did then and there unlawfully, recklessly cause bodily injury to Angelo Jackson by using a deadly weapon, namely, a firearm, then you will find the defendant guilty of aggravated assault-recklessly causing bodily injury.

(emphasis added).

■ "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." Tex.Code Crim. Proc. Ann. art. 37.08 (West 2006). An offense is a lesser-included offense if, as is relevant here, "it differs from the offense charge only in the respect that a less culpable mental state suffices to establish its commission[.]" *Id.* art. 37.09(3). It might seem that aggravated assault based on recklessly causing bodily injury could be a lesser-included

offense of aggravated assault based on intentionally or knowingly causing bodily injury. However, the Texas Court of Criminal Appeals has concluded that "bodily injury" assault under section 22.01(a)(1) of the Texas Penal Code is a single criminal offense requiring proof of one of three culpable mental states:

In its "bodily injury" assault subsection, the legislature stated that any of three culpable mental states suffices: intentionally, knowingly, or recklessly causing bodily injury. The legislature was apparently neutral about which of these three mental states accompanied the forbidden conduct because all three culpable mental states are listed together in a single phrase within a single subsection of the statute. There is no indication that the legislature intended for an "intentional" bodily injury assault to be a separate crime from a "knowing" bodily injury assault or that both of those differ from a "reckless" bodily injury assault. All three culpable mental states are strung together in a single phrase within a single subsection of the statute. All result in the same punishment. They are conceptually equivalent.

*Landrian v. State,* 268 S.W.3d 532, 537 (Tex.Crim.App.2008) (footnotes omitted). Regardless of which culpable mental state is found by the jury, the range of punishment does not change for assault under section 22.01(a)(1) of the Texas Penal Code or for aggravated assault based on this type of assault. *See* Tex. Penal Code §§ 22.01(b), 22.01(b–1), 22.02(b). Thus, "aggravated assault—recklessly causing bodily injury" as set forth in the jury charge could not be a lesser-included offense of the aggravated assault charged in the indictment; rather, it was the same crime as the charged offense based on a culpable mental state that could have been but was not alleged in the indictment. *See*

*id.* §§ 22.01(a)(1), 22.02(a)(2), (b); *Landrian*, 268 S.W.3d at 537; *see also Reed v. State*, 117 S.W.3d 260, 263–64 (Tex.Crim. App.2003); *id.*, 117 S.W.3d at 266–67 (Johnson, J., concurring) (concluding that aggravated assault based on recklessly causing bodily injury cannot be a lesser-included offense of aggravated assault based on intentionally or knowingly causing bodily injury).[4] Accordingly, there is error in the jury's charge.[5]

■ Because appellant properly objected to the jury charge on this basis, we must consider whether appellant suffered "some harm" from this error. *See Barrios*, 283 S.W.3d at 350. The trial court improperly broadened the indictment by including "recklessly" in the jury instructions when the indictment alleged "intentionally" and "knowingly." *Reed*, 117 S.W.3d at 265. It is plausible that, without this improperly-broadened charge, appellant could have been acquitted of the offense for which he was indicted. Under these circumstances, we conclude that appellant was harmed. We sustain appellant's third issue.[6]

In sum, we have concluded that the evidence is legally sufficient to support appellant's conviction and have overruled his two sufficiency issues. However, we have sustained appellant's jury-charge error issue. For the foregoing reasons, we re-

---

**4.** *Reed* is not directly on point because it did not involve a lesser-included offense instruction. *See id.* at 264–65. However, the *Reed* court expressly states that "a conviction for a lesser included offense requires not only a lesser included offense instruction to the jury, but also an *acquittal* for the charged offense[.]" *Id.* at 265 (emphasis added). Here, appellant was not acquitted of the charged offense; he was convicted of it by committing the offense with a less-culpable mental state than that authorized by the indictment. Additionally, the *Reed* court emphasized that article 21.15 of the Texas Code of Criminal Procedure imposes additional notice requirements when recklessness is alleged in the indictment:

> Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of the offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

Tex.Code Crim. Proc. Ann. art. 21.15 (West 2009).

**5.** The State directs us to *Rocha v. State*, for the proposition that an instruction on the purported lesser-included offense of reckless

aggravated assault was proper even though only an intentional or knowing offense was alleged in the indictment. 648 S.W.2d 298, 302 (Tex.Crim.App. [Panel Op.] 1983) (op. on reh'g). However, the greater offense alleged in *Rocha* was attempted murder, an entirely different offense from aggravated assault. *Id.* at 300–01. Thus, *Rocha* is easily distinguishable from the present situation.

**6.** Appellant urges this court to reverse and order entry of a judgment of acquittal on the basis that the jury acquitted him of the properly-submitted offense. But we have no authority to order entry of a judgment of acquittal "unless either the trial court's ruling amounts to a de facto but unacknowledged acquittal" or we find that the evidence is legally insufficient to support the conviction. *Benavidez v. State*, 323 S.W.3d 179, 181–83 (Tex.Crim.App.2010) (concluding that improper submission of lesser-but-not-included offense is not jurisdictional and instead "trial error" that would not bar State from retrying case). We have concluded that the evidence is legally sufficient to support appellant's conviction. Further, the jury charge here does not direct the jury that it must first find appellant "not guilty" of the "greater offense" before it may consider the "lesser offense." Instead, it authorizes the jury to consider the "lesser offense" if it has a reasonable doubt or if it is simply unable to agree that appellant committed the "greater offense."

verse and remand for a new trial.[7]

---

**7.** Because of our disposition of appellant's third issue, we need not consider appellant's fourth issue regarding alleged error in the trial court's denial of his motion for mistrial and its decision to give an *Allen* charge instruction. *See* Tex.R.App. P. 47.1.