

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0495-11

**NARADA HICKS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## HARRIS COUNTY

**COCHRAN, J., delivered the opinion of the unanimous Court.**

### O P I N I O N

Appellant was charged with intentional or knowing aggravated assault after he and Angelo Jackson got into a fight over borrowed shoes that ended with Angelo being shot in the leg. The trial judge instructed the jury on intentional or knowing aggravated assault, as charged in the indictment, and he also gave a separate instruction for reckless aggravated assault. The jury convicted appellant of reckless aggravated assault. The court of appeals held that the trial judge erred in giving any instruction on reckless aggravated assault

because (1) the original indictment did not charge a reckless state of mind, and (2) reckless aggravated assault is not a lesser-included offense of intentional aggravated assault.[1]

We granted review to resolve a conflict between the courts of appeals on whether "reckless aggravated assault" is a lesser-included offense of intentional or knowing aggravated assault.[2] Applying the plain language of Article 37.09 and adhering to our opinion in *Rocha v. State*,[3] we conclude that it is. Therefore, the trial judge did not err by instructing the jury on reckless aggravated assault as a lesser-included offense.

## I.

Appellant and Angelo Jackson, both from New Orleans, met in 2005 when they attended high school in Houston after Hurricane Katrina. The two became friends in 2007 when Angelo helped appellant get a job at Pizza Hut. In November 2007, Angelo borrowed

---

[1] *Hicks v. State*, __ S.W.3d __, 2011 WL 723507, *4 (Tex. App.–Houston [14th Dist.] 2011).

[2] The State asks,

Does the Fourteenth Court of Appeals' determination that the offense of aggravated assault committed by reckless conduct is not a lesser included offense of the offense of aggravated assault committed by intentional or knowing conduct run afoul of the plain language of Article 37.09 and the spirit of *Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009).

We also granted appellant's petition for review to decide, if reckless aggravated assault is not a lesser-included offense, whether the proper remedy is acquittal or remand for a new trial. Because of our disposition of the State's ground for review, we need not reach appellant's claim, and we dismiss his petition.

[3] 648 S.W.2d 298 (Tex. Crim. App. 1982) (op. on reh'g).

a pair of high-top Prada shoes from appellant.[4]

Angelo told appellant he was going to New Orleans for the weekend and gave appellant $30 for the use of the shoes. While Angelo was in New Orleans, his car broke down, and he couldn't return to Houston. Three months later, Angelo enlisted in the Army. After finishing his basic training, Angelo returned to Houston to visit his mother.

When he stopped his car at a stop light in Houston one day, Angelo saw appellant sitting in a car next to him. They talked briefly, but cordially, about the Prada shoes. Appellant said that he wanted his shoes back or wanted to be paid for them. They agreed to meet later in a Wal-Mart parking lot. Angelo drove to the parking lot with his fiancée, Troylyn. Appellant arrived soon after. He walked up to Angelo's car and tapped on the window. Angelo rolled the window down and handed appellant $100. Appellant told Angelo to get out of the car, and the two men walked to the back of Angelo's car.

Appellant said that he wanted more money and pulled out a gun from his waistband.[5] Angelo thought appellant was going to rob him, so he rushed forward and grabbed appellant's hand. The two men struggled for control of the gun. Troylyn then got out of Angelo's car to see what was going on. Appellant pointed the gun toward Troylyn, and Angelo yelled at her to get back into the car. She did. The two men continued to "tussle"

---

[4] Appellant testified that the shoes were a graduation gift and were purchased "for like [$]350 with tax" while Angelo testified that they had been purchased online for $150.

[5] Appellant testified that "the deal" was for $200 and that Angelo gave him only $80. Angelo testified that "the deal" was for $100 and that he gave appellant that amount.

on the ground, struggling for control of the pistol.  Angelo said that "as I was still tussling

for the gun, the barrel landed on my knee.  That's when he pulled the trigger.  I let him go."

Angelo said that appellant then stood over him, pointing the pistol at Angelo's chest.

Angelo cried, "No, no, don't, plea bargaining . . . telling him not to shoot me.  He tells me:

Give me what you got."   Angelo gave appellant his chain and watch, and he promised not

to say anything.  Appellant ran off while Troylyn called 911.

Appellant's testimony matched most of Angelo's, except that appellant claimed that

it was Angelo who brought the gun and that it was Angelo who threatened appellant.  After

the gun accidentally "went off" during the struggle, Angelo told appellant not to call the

police and to just leave, so appellant left the scene. Several days later, he turned himself in

to the police.

At the jury-charge conference, the judge added a paragraph instructing the jury on the

lesser-included offense of reckless aggravated assault.[6]  Appellant's counsel objected on the

---

[6] The jury charge given by the trial judge is as follows:

Now, if you find from the evidence beyond a reasonable doubt that in Harris
County, Texas, on or about the 23rd day of August, 2008, the defendant, Narada
Hicks, did then and there unlawfully, intentionally or knowingly cause bodily
injury to Angelo Jackson by using a deadly weapon, namely, a firearm, then you
will find the defendant guilty of aggravated assault intentionally or knowingly
causing bodily injury, as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a
reasonable doubt thereof, or if you are unable to agree, you will next consider
whether the defendant is guilty of the lesser offense of aggravated assault-
recklessly causing bodily injury.

Therefore, if you find from the evidence beyond a reasonable doubt that on or
about the 23rd day of August, 2008, in Harris County, Texas, the defendant,
Narada Hicks, did then and there unlawfully, recklessly cause bodily injury to

grounds that the indictment did not specify a reckless culpable mental state. The trial judge

overruled the objection, and the jury convicted appellant of reckless aggravated assault.

On direct appeal, appellant claimed that the trial judge erred in submitting the jury

instruction on reckless aggravated assault. The court of appeals agreed, holding that reckless

aggravated assault was not a lesser-included offense, and it remanded the case for a new

trial.[7] We granted review of this case because the lower court's holding conflicts with our

opinion in *Rocha* and with two unpublished opinions by the Fort Worth Court of Appeals,

which held that reckless aggravated assault is a lesser-included offense of intentional or

knowing aggravated assault.[8]

## II.

A trial judge may instruct the jury on any lesser-included offense for which there is

some evidence presented to rationally convict the defendant of the lesser offense.[9]  Article

37.09 of the Code of Criminal Procedure provides the statutory definition of a lesser-included

offense.  "An offense is a lesser included offense if:

---

Angelo Jackson by using a deadly weapon, namely a firearm, then you will find
the defendant guilty of aggravated assault–recklessly causing bodily injury.

[7] *Hicks*, 2011 WL 723507, at *5.

[8] *In the Matter of R.H.*, No. 2-05-340-CV, 2006 WL 1653171 (Tex. App.–Fort Worth
June 15, 2006, no pet.) (not designated for publication); *Orlando v. State*, No. 2-08-038-CR,
2009 WL 1565046 (Tex. App.–Fort Worth Sept. 23, 2009, pet. ref'd ) (not designated for
publication).

[9] *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003), *abrogated on other
grounds by Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2011).

(1)    it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2)    it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3)    it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4)    it consists of an attempt to commit the offense charged or an otherwise included offense."[10]

Under the plain language of this statute, if an offense meets any one of these definitions, then it is necessarily a lesser-included offense to the offense charged. At issue in this case is Subsection (3), regarding a lesser-included offense for a "less culpable mental state." The four levels of culpability are set out and defined in Section 6.03 of the Penal Code.[11] By definition, "reckless" is a lower level of culpability than "knowing," and "knowing" is a lower level of culpability than "intentional."[12] Thus, a "knowing" assault is a lesser-included offense of an "intentional" assault, and a "reckless" assault is a lesser-included offense of a

---

[10] TEX. CODE CRIM. PROC. art. 37.09.

[11] "Intentional" is defined, in part, as acting with the "conscious objective or desire" to engage in the prohibited conduct or cause the prohibited result. TEX. PENAL CODE § 6.03(a). "Knowing" is defined, in part, as acting with awareness of the nature of conduct or that the conduct is "reasonably certain to cause the prohibited result." *Id.*, § 6.03(b). "Recklessness" is defined, in part, as conduct committed by a person who "is aware of but consciously disregards a substantial and unjustifiable risk" that his conduct will cause the prohibited result. *Id.*, § 6.03(c). "Criminal negligence" is defined, in part, as conduct where a person "ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.*, § 6.03(d).

[12] TEX. PENAL CODE § 6.02(d).

"knowing" assault.[13]  Conversely, proof of a higher level of culpability constitutes proof of a lower level of culpability.[14]  Thus, proof of a defendant's intentional act also proves recklessness.[15]

As we explained in *Rocha*, a jury charge that included an instruction for the lesser-included offense of aggravated assault by recklessly causing bodily injury was proper even though recklessness was not one of the culpable mental states alleged in the original indictment.[16]  After analyzing the plain language of both Article 37.09 and Section 6.02, Presiding Judge Onion concluded that "[t]he fact that the lesser included offense of aggravated assault may be committed by the 'additional' culpable mental state of 'reckless' does not preclude a charge thereon even though said culpable mental state is not alleged in the indictment."[17]  That conclusion was reinforced by this Court's reasoning in several other

---

[13] *Rocha v. State*, 648 S.W.2d 298, 302 (Tex. Crim. App. 1982) (op. on reh'g) ("For the purposes of the submission to the jury of the lesser included offense of aggravated assault, we hold the culpable mental state of 'reckless' is included under the canopy of the higher culpable mental states of 'intentional' and 'knowing' alleged in the indictment for the greater offense of attempted murder."); *see also Ethridge v. State*, 648 S.W.2d 306, 307-08 (Tex. Crim. App. 1983) (following *Rocha* and holding that the trial judge did not err in submitting the lesser-included offense of "reckless" aggravated assault even though defendant was not charged with having a "reckless" culpable mental state).

[14] TEX. PENAL CODE § 6.02(e); *see, e.g.*, *Wasylina v. State,* 275 S.W.3d 908, 910 (Tex. Crim. App. 2009) ("If the State proves the charged offense, it necessarily proves all lesser-included offenses"; jury could properly convict defendant of criminally negligent homicide even though the State had charged manslaughter and proved a "reckless" culpability).

[15] *See Flores v. State*, 245 S.W.3d 432, 440 (Tex. Crim. App. 2008) ("[P]roof of intent would, as a matter of law, establish recklessness as well.").

[16] *Rocha*, 648 S.W.2d at 302.

[17] *Id.*

contemporaneous cases discussed in *Rocha*.[18]

This same rule regarding lesser-included offenses has been applied to the injury-to-a-child statute by numerous Texas courts.[19]  Like the assault statute, the injury-to-a-child statute lists multiple levels of culpability in defining the offense.[20]  The assault statute begins with "A person commits an offense if the person . . . intentionally, knowingly, or recklessly causes bodily injury to another[.]"[21]  The injury-to-a-child statute begins with "A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence . . . causes to a child . . . serious bodily injury . . . or bodily injury."[22]  Although the culpable mental states are all set out in a single list, separated with commas, Texas courts have uniformly held that reckless bodily injury to a child is a lesser-included offense of intentional or knowing bodily injury to a child.[23]

---

[18] *Id.* at 302-03.

[19] *See*, *e.g.*, *Stuhler v. State,* 218 S.W.3d 706, 720 (Tex. Crim. App. 2007) (referring to reckless serious bodily injury to a child as a lesser-included offense of intentional serious bodily injury to a child); *Gay v. State*, 235 S.W.3d 829, 831-32 (Tex. App.–Fort Worth 2007, pet. ref'd); *Thompson v. State,* 227 S.W.3d 153, 163 (Tex. App.–Houston [1st Dist.] 2006, pet. ref d); *Torres v. State*, 979 S.W.2d 668, 670 n.2 (Tex. App.–San Antonio 1998, no pet.); *Brunson v. State,* 764 S.W.2d 888, 892 (Tex. App.–Austin 1989, pet. ref'd); *Mills v. State,* 742 S.W.2d 831, 833 (Tex. App.–Dallas 1987, no pet.).

[20] TEX. PENAL CODE § 22.04(a).

[21] TEX. PENAL CODE § 22.01(a)(1).  Section 22.02(a) defines an aggravated assault as one in which the person commits assault under Section 22.01 and he causes serious bodily injury or uses or exhibits a deadly weapon during the assault.

[22] TEX. PENAL CODE § 22.04(a).

[23] "Thus, we hold as a matter of law that reckless bodily injury to a child . . . is a lesser included offense of intentional or knowing bodily injury to a child[.]" *Gay*, 235 S.W.3d at 832;

One distinction between the injury-to-a-child statute and the aggravated-assault statute is that the latter prescribes a single range of punishment for all levels of culpability–intentional, knowing, or reckless–while the injury-to-a-child statute specifies different punishments for intentional or knowing injuries, reckless injuries, and negligent injuries.[24]  However, the criteria for deciding if one offense is a lesser-included offense of a greater offense in Article 37.09 focus only on the defendant's culpability, his conduct, or the harm caused. Differences in the level, range, or manner of punishment are irrelevant to that determination.[25]  At least four different courts of appeals have held that, under the plain language of Article 37.09, a lesser-included offense does not require a lesser punishment range.[26]  We agree with these decisions and their reliance upon the plain language of the

*Tissier v. State,* 792 S.W.2d 120, 124 (Tex. App.–Houston [1st Dist.] 1990 pet. ref'd) ("We conclude that the lesser included offenses of recklessness and negligence simply require a less culpable mental state than does an offense which requires proof of an intentional act.").

[24] TEX. PENAL CODE § 22.04(e), (f), (g).

[25] The determination of whether an offense is a lesser-included offense of the offense charged "is made without regard to punishment; one offense may be a lesser-included offense of another even if it carries the same penalty." *Mello v. State*, 806 S.W.2d 875, 878 (Tex. App.– Eastland, 1991, pet. ref'd).

[26] *See id*.; *see also Stockton v. State*, 756 S.W.2d 873, 876 (Tex. App.–Austin 1988, no pet.) (holding that unaggravated delivery of methamphetamine was lesser-included offense of delivery of methamphetamine to minor; punishment range does not determine whether one offense is a lesser-included offense of another); *Nejanoui v. State*, 44 S.W.3d 111, 118 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd) ("The included offense need not be 'lower' in the sense that it provides a lesser punishment.  The word 'lesser' does not refer to the punishment range but to the factor that distinguishes the included offense from the offense charged, *i.e.,* less than all facts, less serious injury or risk of harm, less culpable mental state, or an attempt."); *Johnson v. State*, 828 S.W.2d 511, 515 (Tex. App.–Waco 1992, pet. ref'd) (same).

statute.

With that general legal background, we turn to the present case.

**III.**

Appellant was charged with aggravated assault by intentionally or knowingly causing bodily injury with a deadly weapon. Angelo Jackson's testimony supported a finding that appellant brought and brandished a pistol when seeking payment for his purloined Pradas, and that appellant intentionally or knowingly caused bodily injury by shooting Angelo. But it was also reasonable, in light of appellant's testimony, for a jury to find that he recklessly, rather than intentionally or knowingly, caused that injury. Appellant's testimony raised the lesser culpable mental state.

The trial judge, following Article 37.09(3), instructed the jury that it could find the appellant guilty of the lesser-included offense of aggravated assault by recklessly causing bodily injury. The trial judge's submission of this jury instruction was supported by the plain language of Article 37.09 and our prior decision in *Rocha,* as well as two unpublished opinions by the Fort Worth Court of Appeals. Although we do not consider those opinions as precedent, we may consider their reasoning.

In *In the Matter of R.H.,*[27] a juvenile was charged with assault for "intentionally or knowingly causing bodily injury" and was ultimately adjudicated for the lesser offense of

_____

[27] No. 2-05-340-CV, 2006 WL 1653171 (Tex. App.–Fort Worth June 15, 2006, no pet.) (not designated for publication).

recklessly causing bodily injury.[28] On appeal, the juvenile argued that his adjudication was improper because recklessness was not charged in the petition and a reckless assault is the same offense as an intentional assault or a knowing assault.[29]  The court of appeals rejected that argument, pointing out that a reckless assault is a lesser-included offense because "reckless is a less culpable mental state than intentional or knowing."[30]  Likewise, the court followed precedent in stating, "An offense can be a lesser-included offense of the charged offense even if it carries the same range of punishment as the charged offense."[31]

The Fort Worth court followed the reasoning of *R.H.* in *Orlando v. State*,[32] when it reviewed a conviction for recklessly causing bodily injury during a robbery.  The defendant argued that there was a "fatal variance" between the indicted offense of intentionally causing bodily injury and the proof of recklessness presented at the bench trial.[33]  The court concluded that Article 37.09 authorized the trial judge to find that the evidence  sufficed to prove that the defendant recklessly caused bodily injury.[34]  Because recklessly causing bodily injury in

---

[28] *Id.* at *1.

[29] *Id.*

[30] *Id.*

[31] *Id.* (citing *Mendoza v. State*, 959 S.W.2d 321, 327 n.3 (Tex. App.–Waco 1997, pet. ref'd)).

[32] No. 2-08-038-CR, 2009 WL 1565046 (Tex. App.–Fort Worth June 4, 2009, no pet.) (not designated for publication).

[33] *Id.* at *1.

[34] *Id.* at *6.

the course of committing a theft differed from the offense alleged in the original robbery

indictment only with respect to a lesser culpable mental state, it was a lesser-included

offense.[35]

In the present case, the court of appeals held that the jury charge was improper

because reckless aggravated assault is not a lesser-included offense of intentional or knowing

aggravated assault. The court relied on this Court's language in *Landrian v. State*[36] that

described intentionally or knowingly causing bodily injury and recklessly causing bodily

injury as "conceptually equivalent" assaultive offenses.[37] The court also relied on the fact that

all three of the culpable mental states listed under the aggravated assault statute (intentional,

---

[35] *Id.* (citing *Rocha*).

[36] 268 S.W.3d 532 (Tex. Crim. App. 2008). In *Landrian*, we explained that, for some procedural issues, the offense of reckless aggravated assault and that of intentional aggravated assault are "conceptually equivalent." *Id.* at 537. In *Landrian*, the trial judge submitted two application paragraphs, one of which read that the defendant "intentionally or knowingly cause[d] bodily injury by using a deadly weapon" and the other that the defendant "recklessly cause[d] serious bodily injury." *Id.* at 534 n.5. The jury returned a general verdict. On appeal, the defendant argued that he was entitled to a unanimous verdict on one of the two application paragraphs. We held that the jury need not be unanimous as to the means by which the defendant committed the aggravating element–"aggravated assault with a deadly weapon" or "aggravated assault causing serious bodily injury"–because each involved the use of a deadly weapon. *Id.* at 538. Further, the jury did not need to be unanimous on which culpable mental state–intentionally, knowingly, or recklessly–it found because "the Penal Code explicitly states that proof of a greater culpability is also proof of any lesser culpability[.]" *Id.* at 537. Thus, for purposes of jury unanimity the three culpable mental states are conceptually equivalent because all of the jurors must find one of the three culpable mental states and proof of the greater culpable mental state of intent would necessarily suffice to show both knowledge and recklessness because the latter two are lesser-included culpable mental states. *Id.*

[37] *Hicks*, 2011 WL 723507, at *4.

knowing, and reckless) carry the same range of punishment.[38] Thus, the court held that the trial judge's instruction describing reckless aggravated assault as a lesser-included offense was error.[39]

The court of appeals took *Landrian*'s "conceptually equivalent" discussion out of context. *Landrian* did not address the applicability of lesser-included offenses under Article 37.09. Rather, the language cited by the court of appeals applied to the issue of jury unanimity. As we explained in *Landrian*, the jury need not be unanimous on whether the defendant intentionally, knowingly, or recklessly committed the aggravated assault "[b]ecause the Penal Code explicitly states that proof of a greater culpability is also proof of any lesser culpability[.]"[40] Exactly. Recklessly is a lesser-included culpable mental state of knowingly which is a lesser-included culpable mental state of intentionally.[41] So, for purposes of jury unanimity, the three culpable mental states are "conceptually equivalent" because proof of the greater culpable mental state is necessarily proof of the lesser ones. But that does not mean they are conceptually equivalent for all purposes. Indeed, Article 37.09(3) explicitly states, through its definitions, that they are not equivalent for purposes

---

[38] *Id.*

[39] *Id.*

[40] 268 S.W.3d at 537.

[41] TEX. PENAL CODE § 6.02(e) ("Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."); *see Flores v. State*, 245 S.W.3d 432, 440 (Tex. Crim. App. 2008) (noting that "proof of intent would, as a matter of law, establish recklessness as well.").

of the submission of a lesser-included jury instruction.

The court of appeals also relied on *Reed v. State*[42] in concluding that reckless aggravated assault is not a lesser-included offense.[43]   In *Reed,* this Court reversed a conviction for  aggravated assault because the indictment alleged only the culpable mental states of "intentional" or "knowing," but the single application paragraph read "intentionally or knowingly or recklessly cause[d] bodily injury."[44]   This was impermissible because it allowed for conviction of a broader offense than that alleged in the indictment.[45]   In *Reed*, however, we explicitly distinguished that situation from *Rocha* in which submission of reckless aggravated assault as a lesser-included offense to the offense charged was proper.[46] We did not apply *Rocha* in the *Reed* case, however, "because neither party requested a lesser included offense jury instruction and the lesser included offense issue was not raised at trial[.]"[47]   Thus, we declined to decide the *Reed* case "based on an issue that was not

---

[42] 117 S.W.3d 260 (Tex. Crim. App. 2003).

[43] *Hicks*, 2011 WL 723507, at *4.

[44] *Reed*, 117 S.W.3d at 265.

[45] *Id.*

[46] *Id.* at 263 (noting *Little v. State*, 659 S.W.2d 425, 426 (Tex. Crim. App. 1983) and *Rocha* in concluding that "the inclusion of a lower culpable mental state in the jury instructions may refer to a lesser included offense of the offense charged in the indictment."); *id.* at 264 (stating that, "[i]n *Rocha*, however, we held that it was not error to submit a charge authorizing conviction of the lesser included offense upon a finding of the lower culpable mental state of recklessness.").

[47] *Id.* at 264.

presented to the trial court or preserved for appeal."[48] Because no separate lesser-included offense instruction was given, *Rocha* did not apply.[49]   But a separate lesser-included instruction was given in this case, and the jury acquitted appellant of the charged offense (intentional or knowing aggravated assault) before unanimously finding appellant guilty of the lesser-included offense of reckless aggravated assault.

The court of appeals also noted that intentional aggravated assault and reckless aggravated assault have an identical range of punishment as evidence that they are the same offense.[50]   However, as noted above, the range of punishment is irrelevant in deciding whether an offense is a lesser-included offense under Article 37.09.[51] "The word 'lesser' does not refer to the punishment range but to the factor that distinguishes the included offense from the offense charged, i.e., less than all facts, less serious injury or risk of harm, less culpable mental state, or an attempt."[52] The dispositive issue in evaluating a lesser-included offense is whether the instruction is called for under Article 37.09, not whether the offense entails a lesser punishment.

Appellant was charged with aggravated assault by intentionally or knowingly causing bodily injury by using a deadly weapon.  Based on appellant's testimony at trial that the gun

---

[48] *Id.*

[49] *Id.* at 265.

[50] *Hicks*, 2011 WL 723507, at *4.

[51] *Mello*, 806 S.W.2d at 878; *Stockton*, 756 S.W.2d at 876.

[52] *Johnson*, 828 S.W.2d at 515.

"accidentally went off" during the struggle, the trial judge instructed the jury that it could find the appellant guilty of the lesser-included offense of aggravated assault by recklessly causing bodily injury. The trial judge's inclusion of that instruction was proper under Article 37.09 and our prior decision in *Rocha*. He did not err.

We therefore reverse the judgment of the court of appeals and remand the case to that court to address appellant's remaining points of error.

Delivered: June 27, 2012
Publish