IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0495-11






NARADA HICKS, Appellant



v.



THE STATE OF TEXAS





ON PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Cochran, J., delivered the opinion of the unanimous Court.


O P I N I O N 



 Appellant was charged with intentional or knowing aggravated assault after he and
Angelo Jackson got into a fight over borrowed shoes that ended with Angelo being shot in
the leg. The trial judge instructed the jury on intentional or knowing aggravated assault, as
charged in the indictment, and he also gave a separate instruction for reckless aggravated
assault. The jury convicted appellant of reckless aggravated assault. The court of appeals
held that the trial judge erred in giving any instruction on reckless aggravated assault 
because (1) the original indictment did not charge a reckless state of mind, and (2) reckless
aggravated assault is not a lesser-included offense of intentional aggravated assault. (1) 

 We granted review to resolve a conflict between the courts of appeals on whether
"reckless aggravated assault" is a lesser-included offense of intentional or knowing
aggravated assault. (2) Applying the plain language of Article 37.09 and adhering to our
opinion in Rocha v. State, (3) we conclude that it is. Therefore, the trial judge did not err by
instructing the jury on reckless aggravated assault as a lesser-included offense.

I. Appellant and Angelo Jackson, both from New Orleans, met in 2005 when they
attended high school in Houston after Hurricane Katrina. The two became friends in 2007
when Angelo helped appellant get a job at Pizza Hut. In November 2007, Angelo borrowed
a pair of high-top Prada shoes from appellant. (4)

 Angelo told appellant he was going to New Orleans for the weekend and gave
appellant $30 for the use of the shoes. While Angelo was in New Orleans, his car broke
down, and he couldn't return to Houston. Three months later, Angelo enlisted in the Army.
After finishing his basic training, Angelo returned to Houston to visit his mother. 

 When he stopped his car at a stop light in Houston one day, Angelo saw appellant
sitting in a car next to him. They talked briefly, but cordially, about the Prada shoes. 
Appellant said that he wanted his shoes back or wanted to be paid for them. They agreed to
meet later in a Wal-Mart parking lot. Angelo drove to the parking lot with his fiancée,
Troylyn. Appellant arrived soon after. He walked up to Angelo's car and tapped on the
window. Angelo rolled the window down and handed appellant $100. Appellant told
Angelo to get out of the car, and the two men walked to the back of Angelo's car. 

 Appellant said that he wanted more money and pulled out a gun from his waistband. (5)
Angelo thought appellant was going to rob him, so he rushed forward and grabbed
appellant's hand. The two men struggled for control of the gun. Troylyn then got out of
Angelo's car to see what was going on. Appellant pointed the gun toward Troylyn, and
Angelo yelled at her to get back into the car. She did. The two men continued to "tussle"
on the ground, struggling for control of the pistol. Angelo said that "as I was still tussling
for the gun, the barrel landed on my knee. That's when he pulled the trigger. I let him go."

 Angelo said that appellant then stood over him, pointing the pistol at Angelo's chest. 
Angelo cried, "No, no, don't, plea bargaining . . . telling him not to shoot me. He tells me:
Give me what you got." Angelo gave appellant his chain and watch, and he promised not
to say anything. Appellant ran off while Troylyn called 911. 

 Appellant's testimony matched most of Angelo's, except that appellant claimed that
it was Angelo who brought the gun and that it was Angelo who threatened appellant. After
the gun accidentally "went off" during the struggle, Angelo told appellant not to call the
police and to just leave, so appellant left the scene. Several days later, he turned himself in
to the police. 

 At the jury-charge conference, the judge added a paragraph instructing the jury on the
lesser-included offense of reckless aggravated assault. (6) Appellant's counsel objected on the
grounds that the indictment did not specify a reckless culpable mental state. The trial judge
overruled the objection, and the jury convicted appellant of reckless aggravated assault. 

 On direct appeal, appellant claimed that the trial judge erred in submitting the jury
instruction on reckless aggravated assault. The court of appeals agreed, holding that reckless
aggravated assault was not a lesser-included offense, and it remanded the case for a new
trial. (7) We granted review of this case because the lower court's holding conflicts with our
opinion in Rocha and with two unpublished opinions by the Fort Worth Court of Appeals,
which held that reckless aggravated assault is a lesser-included offense of intentional or
knowing aggravated assault. (8) 

II.


 A trial judge may instruct the jury on any lesser-included offense for which there is
some evidence presented to rationally convict the defendant of the lesser offense. (9) Article
37.09 of the Code of Criminal Procedure provides the statutory definition of a lesser-included
offense. "An offense is a lesser included offense if: 

 (1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged;


 (2) it differs from the offense charged only in the respect that a less serious injury
or risk of injury to the same person, property, or public interest suffices to
establish its commission;


 (3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or


 (4) it consists of an attempt to commit the offense charged or an otherwise
included offense." (10)


Under the plain language of this statute, if an offense meets any one of these definitions, then
it is necessarily a lesser-included offense to the offense charged. At issue in this case is
Subsection (3), regarding a lesser-included offense for a "less culpable mental state." The
four levels of culpability are set out and defined in Section 6.03 of the Penal Code. (11) By
definition, "reckless" is a lower level of culpability than "knowing," and "knowing" is a
lower level of culpability than "intentional." (12) Thus, a "knowing" assault is a lesser-included
offense of an "intentional" assault, and a "reckless" assault is a lesser-included offense of a
"knowing" assault. (13) Conversely, proof of a higher level of culpability constitutes proof of
a lower level of culpability. (14) Thus, proof of a defendant's intentional act also proves
recklessness. (15) 

 As we explained in Rocha, a jury charge that included an instruction for the lesser-included offense of aggravated assault by recklessly causing bodily injury was proper even
though recklessness was not one of the culpable mental states alleged in the original
indictment. (16) After analyzing the plain language of both Article 37.09 and Section 6.02,
Presiding Judge Onion concluded that "[t]he fact that the lesser included offense of
aggravated assault may be committed by the 'additional' culpable mental state of 'reckless'
does not preclude a charge thereon even though said culpable mental state is not alleged in
the indictment." (17) That conclusion was reinforced by this Court's reasoning in several other
contemporaneous cases discussed in Rocha. (18)

 This same rule regarding lesser-included offenses has been applied to the injury-to-a-
child statute by numerous Texas courts. (19) Like the assault statute, the injury-to-a-child statute
lists multiple levels of culpability in defining the offense. (20) The assault statute begins with
"A person commits an offense if the person . . . intentionally, knowingly, or recklessly causes
bodily injury to another[.]" (21) The injury-to-a-child statute begins with "A person commits
an offense if he intentionally, knowingly, recklessly, or with criminal negligence . . . causes
to a child . . . serious bodily injury . . . or bodily injury." (22) Although the culpable mental
states are all set out in a single list, separated with commas, Texas courts have uniformly held
that reckless bodily injury to a child is a lesser-included offense of intentional or knowing
bodily injury to a child. (23)

One distinction between the injury-to-a-child statute and the aggravated-assault statute
is that the latter prescribes a single range of punishment for all levels of
culpability-intentional, knowing, or reckless-while the injury-to-a-child statute specifies
different punishments for intentional or knowing injuries, reckless injuries, and negligent
injuries. (24) However, the criteria for deciding if one offense is a lesser-included offense of
a greater offense in Article 37.09 focus only on the defendant's culpability, his conduct, or
the harm caused. Differences in the level, range, or manner of punishment are irrelevant to
that determination. (25) At least four different courts of appeals have held that, under the plain
language of Article 37.09, a lesser-included offense does not require a lesser punishment
range. (26) We agree with these decisions and their reliance upon the plain language of the
statute.

 With that general legal background, we turn to the present case.

III.

 Appellant was charged with aggravated assault by intentionally or knowingly causing
bodily injury with a deadly weapon. Angelo Jackson's testimony supported a finding that
appellant brought and brandished a pistol when seeking payment for his purloined Pradas,
and that appellant intentionally or knowingly caused bodily injury by shooting Angelo. But
it was also reasonable, in light of appellant's testimony, for a jury to find that he recklessly,
rather than intentionally or knowingly, caused that injury. Appellant's testimony raised the
lesser culpable mental state.

 The trial judge, following Article 37.09(3), instructed the jury that it could find the
appellant guilty of the lesser-included offense of aggravated assault by recklessly causing
bodily injury. The trial judge's submission of this jury instruction was supported by the plain
language of Article 37.09 and our prior decision in Rocha, as well as two unpublished
opinions by the Fort Worth Court of Appeals. Although we do not consider those opinions
as precedent, we may consider their reasoning. 

 In In the Matter of R.H., (27) a juvenile was charged with assault for "intentionally or
knowingly causing bodily injury" and was ultimately adjudicated for the lesser offense of
recklessly causing bodily injury. (28) On appeal, the juvenile argued that his adjudication was
improper because recklessness was not charged in the petition and a reckless assault is the
same offense as an intentional assault or a knowing assault. (29) The court of appeals rejected
that argument, pointing out that a reckless assault is a lesser-included offense because
"reckless is a less culpable mental state than intentional or knowing." (30) Likewise, the court
followed precedent in stating, "An offense can be a lesser-included offense of the charged
offense even if it carries the same range of punishment as the charged offense." (31) 

 The Fort Worth court followed the reasoning of R.H. in Orlando v. State, (32) when it
reviewed a conviction for recklessly causing bodily injury during a robbery. The defendant
argued that there was a "fatal variance" between the indicted offense of intentionally causing
bodily injury and the proof of recklessness presented at the bench trial. (33) The court concluded
that Article 37.09 authorized the trial judge to find that the evidence sufficed to prove that
the defendant recklessly caused bodily injury. (34) Because recklessly causing bodily injury in
the course of committing a theft differed from the offense alleged in the original robbery
indictment only with respect to a lesser culpable mental state, it was a lesser-included
offense. (35)

 In the present case, the court of appeals held that the jury charge was improper
because reckless aggravated assault is not a lesser-included offense of intentional or knowing
aggravated assault. The court relied on this Court's language in Landrian v. State (36) that
described intentionally or knowingly causing bodily injury and recklessly causing bodily
injury as "conceptually equivalent" assaultive offenses. (38) The court also relied on the fact that
all three of the culpable mental states listed under the aggravated assault statute (intentional,
knowing, and reckless) carry the same range of punishment. (39) Thus, the court held that the
trial judge's instruction describing reckless aggravated assault as a lesser-included offense
was error. (40) 

 The court of appeals took Landrian's "conceptually equivalent" discussion out of
context. Landrian did not address the applicability of lesser-included offenses under Article
37.09. Rather, the language cited by the court of appeals applied to the issue of jury
unanimity. As we explained in Landrian, the jury need not be unanimous on whether the
defendant intentionally, knowingly, or recklessly committed the aggravated assault
"[b]ecause the Penal Code explicitly states that proof of a greater culpability is also proof of
any lesser culpability[.]" (41) Exactly. Recklessly is a lesser-included culpable mental state of
knowingly which is a lesser-included culpable mental state of intentionally. (42) So, for
purposes of jury unanimity, the three culpable mental states are "conceptually equivalent"
because proof of the greater culpable mental state is necessarily proof of the lesser ones. But
that does not mean they are conceptually equivalent for all purposes. Indeed, Article
37.09(3) explicitly states, through its definitions, that they are not equivalent for purposes
of the submission of a lesser-included jury instruction. 

 The court of appeals also relied on Reed v. State (43) in concluding that reckless
aggravated assault is not a lesser-included offense. (44) In Reed, this Court reversed a
conviction for aggravated assault because the indictment alleged only the culpable mental
states of "intentional" or "knowing," but the single application paragraph read "intentionally
or knowingly or recklessly cause[d] bodily injury." (45) This was impermissible because it
allowed for conviction of a broader offense than that alleged in the indictment. (46) In Reed,
however, we explicitly distinguished that situation from Rocha in which submission of
reckless aggravated assault as a lesser-included offense to the offense charged was proper. (47) 
We did not apply Rocha in the Reed case, however, "because neither party requested a lesser
included offense jury instruction and the lesser included offense issue was not raised at
trial[.]" (48) Thus, we declined to decide the Reed case "based on an issue that was not
presented to the trial court or preserved for appeal." (49) Because no separate lesser-included
offense instruction was given, Rocha did not apply. (50) But a separate lesser-included
instruction was given in this case, and the jury acquitted appellant of the charged offense
(intentional or knowing aggravated assault) before unanimously finding appellant guilty of
the lesser-included offense of reckless aggravated assault. 

 The court of appeals also noted that intentional aggravated assault and reckless
aggravated assault have an identical range of punishment as evidence that they are the same
offense. (51) However, as noted above, the range of punishment is irrelevant in deciding
whether an offense is a lesser-included offense under Article 37.09. (52) "The word 'lesser' does
not refer to the punishment range but to the factor that distinguishes the included offense
from the offense charged, i.e., less than all facts, less serious injury or risk of harm, less
culpable mental state, or an attempt." (53) The dispositive issue in evaluating a lesser-included
offense is whether the instruction is called for under Article 37.09, not whether the offense
entails a lesser punishment.

 Appellant was charged with aggravated assault by intentionally or knowingly causing
bodily injury by using a deadly weapon. Based on appellant's testimony at trial that the gun
"accidentally went off" during the struggle, the trial judge instructed the jury that it could
find the appellant guilty of the lesser-included offense of aggravated assault by recklessly
causing bodily injury. The trial judge's inclusion of that instruction was proper under Article
37.09 and our prior decision in Rocha. He did not err.

 We therefore reverse the judgment of the court of appeals and remand the case to that
court to address appellant's remaining points of error.

Delivered: June 27, 2012

Publish
1. Hicks v. State, __ S.W.3d __, 2011 WL 723507, *4 (Tex. App.-Houston [14th Dist.]
2011).
2. The State asks,


 Does the Fourteenth Court of Appeals' determination that the offense of aggravated
assault committed by reckless conduct is not a lesser included offense of the offense of
aggravated assault committed by intentional or knowing conduct run afoul of the plain
language of Article 37.09 and the spirit of Grey v. State, 298 S.W.3d 644 (Tex. Crim.
App. 2009).


 We also granted appellant's petition for review to decide, if reckless aggravated assault is
not a lesser-included offense, whether the proper remedy is acquittal or remand for a new trial. 
Because of our disposition of the State's ground for review, we need not reach appellant's claim,
and we dismiss his petition. 
3. 648 S.W.2d 298 (Tex. Crim. App. 1982) (op. on reh'g).
4. Appellant testified that the shoes were a graduation gift and were purchased "for like
[$]350 with tax" while Angelo testified that they had been purchased online for $150.
5. Appellant testified that "the deal" was for $200 and that Angelo gave him only $80. 
Angelo testified that "the deal" was for $100 and that he gave appellant that amount.
6. The jury charge given by the trial judge is as follows: Now, if you find from the evidence beyond a reasonable doubt that in Harris
County, Texas, on or about the 23rd day of August, 2008, the defendant, Narada
Hicks, did then and there unlawfully, intentionally or knowingly cause bodily
injury to Angelo Jackson by using a deadly weapon, namely, a firearm, then you
will find the defendant guilty of aggravated assault intentionally or knowingly
causing bodily injury, as charged in the indictment. 

 Unless you so find from the evidence beyond a reasonable doubt, or if you have a
reasonable doubt thereof, or if you are unable to agree, you will next consider
whether the defendant is guilty of the lesser offense of aggravated assault-recklessly causing bodily injury.

 Therefore, if you find from the evidence beyond a reasonable doubt that on or
about the 23rd day of August, 2008, in Harris County, Texas, the defendant,
Narada Hicks, did then and there unlawfully, recklessly cause bodily injury to
Angelo Jackson by using a deadly weapon, namely a firearm, then you will find
the defendant guilty of aggravated assault-recklessly causing bodily injury.
7. Hicks, 2011 WL 723507, at *5.
8. In the Matter of R.H., No. 2-05-340-CV, 2006 WL 1653171 (Tex. App.-Fort Worth
June 15, 2006, no pet.) (not designated for publication); Orlando v. State, No. 2-08-038-CR,
2009 WL 1565046 (Tex. App.-Fort Worth Sept. 23, 2009, pet. ref'd ) (not designated for
publication).
9. Hampton v. State, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003), abrogated on other
grounds by Grey v. State, 298 S.W.3d 644 (Tex. Crim. App. 2011).
10. Tex. Code Crim. Proc. art. 37.09.
11. "Intentional" is defined, in part, as acting with the "conscious objective or desire" to
engage in the prohibited conduct or cause the prohibited result. Tex. Penal Code § 6.03(a).
"Knowing" is defined, in part, as acting with awareness of the nature of conduct or that the
conduct is "reasonably certain to cause the prohibited result." Id., § 6.03(b). "Recklessness" is
defined, in part, as conduct committed by a person who "is aware of but consciously disregards a
substantial and unjustifiable risk" that his conduct will cause the prohibited result. Id., § 6.03(c).
"Criminal negligence" is defined, in part, as conduct where a person "ought to be aware of a
substantial and unjustifiable risk that the circumstances exist or the result will occur." Id., §
6.03(d).
12. Tex. Penal Code § 6.02(d).
13. Rocha v. State, 648 S.W.2d 298, 302 (Tex. Crim. App. 1982) (op. on reh'g) ("For the
purposes of the submission to the jury of the lesser included offense of aggravated assault, we
hold the culpable mental state of 'reckless' is included under the canopy of the higher culpable
mental states of 'intentional' and 'knowing' alleged in the indictment for the greater offense of
attempted murder."); see also Ethridge v. State, 648 S.W.2d 306, 307-08 (Tex. Crim. App. 1983)
(following Rocha and holding that the trial judge did not err in submitting the lesser-included
offense of "reckless" aggravated assault even though defendant was not charged with having a
"reckless" culpable mental state).
14. Tex. Penal Code § 6.02(e); see, e.g., Wasylina v. State, 275 S.W.3d 908, 910 (Tex.
Crim. App. 2009) ("If the State proves the charged offense, it necessarily proves all lesser-included offenses"; jury could properly convict defendant of criminally negligent homicide even
though the State had charged manslaughter and proved a "reckless" culpability).
15. See Flores v. State, 245 S.W.3d 432, 440 (Tex. Crim. App. 2008) ("[P]roof of intent
would, as a matter of law, establish recklessness as well.").
16. Rocha, 648 S.W.2d at 302.
17. Id.
18. Id. at 302-03.
19. See, e.g., Stuhler v. State, 218 S.W.3d 706, 720 (Tex. Crim. App. 2007) (referring to
reckless serious bodily injury to a child as a lesser-included offense of intentional serious bodily
injury to a child); Gay v. State, 235 S.W.3d 829, 831-32 (Tex. App.-Fort Worth 2007, pet. ref'd);
Thompson v. State, 227 S.W.3d 153, 163 (Tex. App.-Houston [1st Dist.] 2006, pet. ref d); Torres
v. State, 979 S.W.2d 668, 670 n.2 (Tex. App.-San Antonio 1998, no pet.); Brunson v. State, 764
S.W.2d 888, 892 (Tex. App.-Austin 1989, pet. ref'd); Mills v. State, 742 S.W.2d 831, 833 (Tex.
App.-Dallas 1987, no pet.).
20. Tex. Penal Code § 22.04(a).
21. Tex. Penal Code § 22.01(a)(1). Section 22.02(a) defines an aggravated assault as one
in which the person commits assault under Section 22.01 and he causes serious bodily injury or
uses or exhibits a deadly weapon during the assault. 
22. Tex. Penal Code § 22.04(a).
23. "Thus, we hold as a matter of law that reckless bodily injury to a child . . . is a lesser
included offense of intentional or knowing bodily injury to a child[.]" Gay, 235 S.W.3d at 832;
Tissier v. State, 792 S.W.2d 120, 124 (Tex. App.-Houston [1st Dist.] 1990 pet. ref'd) ("We
conclude that the lesser included offenses of recklessness and negligence simply require a less
culpable mental state than does an offense which requires proof of an intentional act.").
24. Tex. Penal Code § 22.04(e), (f), (g).
25. The determination of whether an offense is a lesser-included offense of the offense
charged "is made without regard to punishment; one offense may be a lesser-included offense of
another even if it carries the same penalty." Mello v. State, 806 S.W.2d 875, 878 (Tex. App.-
Eastland, 1991, pet. ref'd).
26. See id.; see also Stockton v. State, 756 S.W.2d 873, 876 (Tex. App.-Austin 1988, no
pet.) (holding that unaggravated delivery of methamphetamine was lesser-included offense of
delivery of methamphetamine to minor; punishment range does not determine whether one
offense is a lesser-included offense of another); Nejanoui v. State, 44 S.W.3d 111, 118 (Tex.
App.-Houston [14th Dist.] 2001, pet. ref'd) ("The included offense need not be 'lower' in the
sense that it provides a lesser punishment. The word 'lesser' does not refer to the punishment
range but to the factor that distinguishes the included offense from the offense charged, i.e., less
than all facts, less serious injury or risk of harm, less culpable mental state, or an attempt.");
Johnson v. State, 828 S.W.2d 511, 515 (Tex. App.-Waco 1992, pet. ref'd) (same).
27. No. 2-05-340-CV, 2006 WL 1653171 (Tex. App.-Fort Worth June 15, 2006, no pet.)
(not designated for publication).
28. Id. at *1.
29. Id. 
30. Id.
31. Id. (citing Mendoza v. State, 959 S.W.2d 321, 327 n.3 (Tex. App.-Waco 1997, pet.
ref'd)).
32. No. 2-08-038-CR, 2009 WL 1565046 (Tex. App.-Fort Worth June 4, 2009, no pet.)
(not designated for publication).
33. Id. at *1.
34. Id. at *6.
35. Id. (citing Rocha).
36. 268 S.W.3d 532 (Tex. Crim. App. 2008). In Landrian, we explained that, for some
procedural issues, the offense of reckless aggravated assault and that of intentional aggravated
assault are "conceptually equivalent." Id. at 537. (37)
37. Landrian v. State, 268 S.W.3d 532, 537 (Tex.Crim.App.2008). 
 " 
 " "
 " 
 
 
 -" " "
 "- 
 
- - " 
 " 
 
 
 
 - 
38. Hicks, 2011 WL 723507, at *4.
39. Id.
40. Id.
41. 268 S.W.3d at 537.
42. Tex. Penal Code § 6.02(e) ("Proof of a higher degree of culpability than that charged
constitutes proof of the culpability charged."); see Flores v. State, 245 S.W.3d 432, 440 (Tex.
Crim. App. 2008) (noting that "proof of intent would, as a matter of law, establish recklessness
as well.").
43. 117 S.W.3d 260 (Tex. Crim. App. 2003).
44. Hicks, 2011 WL 723507, at *4.
45. Reed, 117 S.W.3d at 265.
46. Id. 
47. Id. at 263 (noting Little v. State, 659 S.W.2d 425, 426 (Tex. Crim. App. 1983) and
Rocha in concluding that "the inclusion of a lower culpable mental state in the jury instructions
may refer to a lesser included offense of the offense charged in the indictment."); id. at 264
(stating that, "[i]n Rocha, however, we held that it was not error to submit a charge authorizing
conviction of the lesser included offense upon a finding of the lower culpable mental state of
recklessness.").
48. Id. at 264.
49. Id.
50. Id. at 265.
51. Hicks, 2011 WL 723507, at *4.
52. Mello, 806 S.W.2d at 878; Stockton, 756 S.W.2d at 876.
53. Johnson, 828 S.W.2d at 515.